**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONID SALIKOV, | Case No.:  26-cv-2129-BJC-SBC |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et. al., | |
| Respondents. | |

On April 3, 2026, Petitioner Leonid Salikov, a citizen of Russia, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and filed an amended petition on April 16, 2026.  ECF Nos. 1, 6.  He asserts he arrived in the United States on July 2023, for his CBP One appointment to apply for asylum, and he was paroled into the United States and placed in removal proceedings.  ECF No. 6 at 2.  Petitioner further asserts he was detained on March 20, 2026, without explanation, when he passed through an immigration checkpoint while driving in southern California.  *Id*. at 2-3.  He remains detained at the Otay Mesa Detention Center.  *Id*. at 3.   He contends Immigration and Customs Enforcement failed to comply with its own regulations and the Administrative Procedures Act when they revoked his parole, and the Due Process Clause required notice

1

and a chance to be heard before parole was revoked.  *Id*. 3-7.

Respondents filed a return on April 27, 2026, in which they argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, but they "acknowledge this Court's prior decisions will control the result here if the Court adheres to its prior decisions."  ECF No. 8 at 2-3.  Respondent does "not oppose the petition and defers to the Court on the appropriate relief."  *Id*. at 3.  Petitioner filed a traverse on April 28, 2026.  ECF No. 9.  He contends the proper relief is immediate release.  *Id*. at 3.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]."  8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus.  The government shall immediately release Petitioner under the previously determined conditions.  The government is enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  May 22, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-2129-BJC-SBC